JEMAINE T. PATE,

        Plaintiff,

        v.                                 Case No. 26-CV-660

D. JOHNSON,

        Defendant.

## SCREENING ORDER

Plaintiff Jemaine T. Pate, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated.  This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*).  A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time.  *See* 28 U.S.C. § 1915(b)(1).  Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $0.01.  Plaintiff's motion for leave to proceed without prepayment of the filing fee will be granted.

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

**ALLEGATIONS OF THE COMPLAINT**

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the complaint.

On July 19, 2025, at 8:15 p.m., Correctional Officer D. Johnson stopped at Plaintiff's cell door during medication pass. CO Johnson scanned Plaintiff's inmate ID and scanned a medication pack. Even though a notice on the computer revealed that the medication pack was not prescribed to Plaintiff, CO Johnson gave Plaintiff the medication pack. Plaintiff took the medication and broke out in a rash on his arms.

Plaintiff asserts that CO Johnson "maliciously and sadistically" intended to give Plaintiff the wrong medication pack to cause Plaintiff harm. He states that, a few days before the incident, CO Johnson was reprimanded after Plaintiff told the sergeant that CO Johnson yelled at Plaintiff in a derogatory way. CO Johnson told Plaintiff that "he would make sure he causes [Plaintiff] harm before he left Green Bay Prison." (Compl. at 2–3, ECF No. 1.)

**ANALYSIS**

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of*

3

*Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).  A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual.  *Cesal v. Moats*, 851 F.3d 714, 720–21 (7th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)).  To state a claim, a plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition."  *Id.* at 721 (quoting *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).  An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Id.* (quoting *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012)).  The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the inmate's health.  *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 836–38 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)).  Plaintiff may proceed on an Eighth Amendment deliberate indifference claim against CO Johnson based on his allegations that CO Johnson intentionally gave him the wrong medication, resulting in Plaintiff breaking out in a rash on his arms.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on D. Johnson.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, D. Johnson shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $349.99 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Honorable Byron B. Conway
c/o Office of the Clerk

5

United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners.  Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin on June 5, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

6